Filed 6/18/24  P. v. Leewis CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AARON LEEWIS,<br><br>    Defendant and Appellant. | D082014<br><br><br><br>(Super. Ct. No. SCE412068) |

APPEAL from a judgment of the Superior Court of San Diego County, Sherry M. Thompson-Taylor, Judge.  Reversed in part, otherwise affirmed, and remanded for retrial and/or resentencing.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Brandon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Aaron Leewis appeals a judgment imposing a five-year sentence enhancement under Penal Code section 667, subdivision (a), for a prior out-of-state conviction. The People concede both that (1) Leewis' prior Texas conviction for aggravated assault does not necessarily constitute a serious or violent felony under California law for the purposes of the enhancement statute, and (2) the Texas record of conviction relied on by the trial court provides insufficient evidence to support a finding that it does. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession, without fully adopting their reasoning, reverse in part the judgment, otherwise affirm, and remand solely for a retrial of the prior serious felony allegation and resentencing.

A jury found Leewis guilty of robbery and brandishing a weapon. The People had alleged Leewis suffered two prior serious felony convictions, warranting enhancements under section 667(a). Leewis admitted that one of his prior convictions qualified but disputed that his second conviction for aggravated assault from Texas did. After a bench trial, the court found the Texas record of conviction provided sufficient evidence that Leewis' underlying conduct amounted to a serious felony of assault with a deadly weapon under section 245(a)(1). The trial court sentenced Leewis to 21 years, including two five-year enhancements.

Section 667(a)(1) provides for a sentence enhancement for "any offense committed in another jurisdiction that includes all of the elements of any serious felony" under California law. A sentencing court can impose an enhancement if the elements of the out-of-state offense are the same or

narrower than the comparable in-state offense. (*Descamps v. United States* (2013) 570 U.S. 254, 257.)

As the trial court concluded, and both parties agree, the elements of aggravated assault under Texas Penal Code section 22.02 do not match the elements of the California counterpart of assault with a deadly weapon under section 245(a)(1)—a qualifying felony under the enhancement statute. (§ 1192.7(c)(31).) California law defines assault more narrowly because it requires an "attempt" to inflict "violent injury" with a "present ability" to commit the injury. (§ 240.) For example, pointing an unloaded firearm at another person is not assault with a deadly weapon because there is no present ability to commit injury. (*People v. Orr* (1974) 43 Cal.App.3d 666, 672.) It would be aggravated assault under Texas law, however, even when a firearm is not loaded or capable of causing injury. (*Tidwell v. State* (Tex.Ct.App. 2006) 187 S.W.3d 771, 775-776.) Moreover, there can be aggravated assault without a deadly weapon under Texas law so long as there is serious bodily injury. (Tex. Pen. Code, § 22.02, subd. (a)(1).) As the People concede, "it is possible to commit an assault with a deadly weapon in Texas that would not constitute an assault with a deadly weapon in California." For these reasons, the enhancement cannot be imposed based on matching the elements of the Texas and comparable California offenses.

Turning to the sufficiency of the evidence, we must determine whether substantial evidence supports the trial court's finding that the prosecution proved all the elements of the enhancement. (*People v. Rodriguez* (2004) 122.Cal.App.4th 121, 129.) We review the record in the light most favorable to the trial court's findings. (*Ibid.*)

A sentencing court may use the prior conviction record to determine whether the underlying conduct qualifies as a serious or violent felony under

3

the enhancement statute. (*People v. Gallardo* (2017) 4 Cal.5th 120, 137.) The Sixth Amendment limits the court's inquiry to facts that were established by virtue of the conviction itself. (*Id*. at p. 136.) This includes facts the defendant admitted as the factual basis for a guilty plea. (*Ibid*.)

Here, contrary to the People's claim that the record of conviction did not contain a factual basis for the plea , the trial court properly relied on the indictment as providing the factual basis for the Texas prior. In the change of plea form, Leewis admitted to the facts contained in the indictment by pleading guilty to aggravated assault "as alleged in the charging instrument." (Cf. *Gallardo*, *supra*, 4 Cal.5th at p. 137.)

Nonetheless, we find the trial court erred in concluding that the facts admitted by Leewis satisfied the elements of assault with a deadly weapon in California under section 245(a)(1). The indictment alleged Leewis "intentionally, knowingly, or *recklessly* cause[d] bodily injury to [the victim] by stabbing [the victim] with a knife." (Italics added.) Recklessness does not satisfy the mental element of assault with a deadly weapon, which requires willfulness—i.e., actual knowledge that an intentional act will probably and directly result in physical force against another. (*People v. Perez* (2018) 4 Cal.5th 1055, 1066.) We thus conclude there is insufficient evidence to support the trial court's finding that Leewis' prior Texas conviction constitutes a serious felony under the enhancement statute.

Leewis requests that we reverse the trial court's finding on the Texas prior and remand with directions for resentencing without imposing the five-year enhancement. We conclude, however, that the People should be afforded, at their discretion, the opportunity to augment the record of conviction and retry the enhancement allegation. (See *People v. Barragan* (2004) 32 Cal.4th 236, 239.)

DISPOSITION

We reverse the five-year enhancement, and remand the matter for (1) retrial of the Texas prior serious felony allegation, if the People elect to do so, and (2) resentencing. In all other respects the judgment is affirmed. Following resentencing, the trial court shall prepare a new abstract of judgment and forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.

CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.